Citation Nr: 1513870 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 11-29 876 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas
 
 
THE ISSUE
 
Entitlement to an initial disability rating in excess of 10 percent for residuals of a gunshot wound to the right thigh, involving muscle group XIV.
 
 
REPRESENTATION
 
Appellant represented by: Texas Veterans Commission
 
 
WITNESS AT HEARING ON APPEAL
 
Appellant
 
 
ATTORNEY FOR THE BOARD
 
U. Ifon, Associate Counsel
 
INTRODUCTION
 
The Veteran had active service from June 1969 to February 1972. 

This matter arises before the Board of Veterans' Appeals (Board) from a December 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.
 
In June 2014, this matter came before the Board and was, in pertinent part, remanded for additional evidentiary development. The case has now been returned to the Board for appellate review.
 
In his December 2009 Notice of Disagreement, the Veteran alleged clear and unmistakable error, arguing he was entitled to at least a 10 percent disability evaluation for his through and through gunshot wound to the right thigh. In the June 2014 remand, the Board awarded a minimum of 10 percent for the Veteran's injury and remanded the matter for the RO to reconsider entitlement to a higher initial disability evaluation from the effective date of his award of service connection. As such, the Board finds the Veteran's allegation of Clear and Unmistakable Error was essentially a claim for an initial increased rating and the matter has been adjudicated as such without objection from the Veteran. 


FINDING OF FACT
 
The Veteran's residuals of a gunshot wound to the right thigh have not been productive of moderately severe injury to muscle group XIV.
 
 
CONCLUSION OF LAW
 
The criteria for a disability rating in excess of 10 percent for residuals of a gunshot wound to the right thigh, involving muscle group XIV, are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.159, 4.55, 4.56, 4.73, Diagnostic Code 5314 (2014).
 
 
REASONS AND BASES FOR FINDING AND CONCLUSION
 
Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). 
 
The Veteran's appeal concerns the initial evaluation assigned following the grant of service connection. Once service connection is granted, the claim is substantiated and additional notice is not required; therefore, any defect in the notice requirement is not prejudicial. Dunlap v. Nicholson, 21 Vet. App. 112, 117 (2007).
 
The Board finds that pursuant to its June 2014 remand directives, VA obtained and associated additional service records with the Veteran's electronic claims file. Thus, there has been substantial compliance with the Board's remand directives. Stegall v. West, 11 Vet. App. 268 (1998).

Increased Rating Claims
 
Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. See 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7 (2014). 
 
The Veteran's entire history is reviewed when making disability evaluations. See 38 C.F.R. § 4.1 (2014); Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1995). After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. See 38 C.F.R. § 4.3.
 
Evaluating Gunshot Wound Residuals to Muscle Group XIV 
 
The Veteran's residuals of a gunshot wound to the right thigh have an initial disability evaluation of 10 percent under Diagnostic Code 5314. 38 C.F.R. § 4.73. He contends that a higher rating is warranted.
 
Muscle injuries, including gunshot wounds, are evaluated pursuant to 38 C.F.R. §§ 4.55, 4.56, and 4.73. For rating purposes, the skeletal muscles of the body are divided into 23 muscle groups in 5 anatomical regions. 38 C.F.R. § 4.55(b). The specific bodily functions of each group are listed in 38 C.F.R. § 4.73.
 
A 10 percent disability rating is warranted where there is evidence of a moderate muscle injury to muscle group XIV. 38 C.F.R. § 4.73. Pursuant to 38 C.F.R. § 4.56, a moderate disability of muscles occurs where the type of injury was either a through and through, or a deep penetrating wound of short track from a single bullet, small shell or shrapnel fragment, without the effect of high velocity missile, residuals of debridement, or prolonged infection. The service department record (or other evidence) would show inservice treatment for the wound. There would be a consistent complaint of one or more of the cardinal signs or symptoms of muscle disability as defined in 38 C.F.R. § 4.56(c), particularly a lowered threshold of fatigue after average use, affecting the particular functions controlled by the injured muscles. 

Objectively, a moderate muscle group XIV injury is shown where the entrance and (if present) exit scars would be small or linear, indicating short track of missile through muscle tissue. Some loss of deep fascia or muscle substance, or impairment of muscle tonus and loss of power or lowered threshold of fatigue when compared to the sound side would be present. 38 C.F.R. § 4.56(d)(2). 
 
A 20 percent disability rating is warranted where there is evidence of a moderately severe muscle injury to muscle group XIV. 38 C.F.R. § 4.73. A moderately severe muscle disability is one where the injury was either a through and through, or a deep penetrating wound by a small high velocity missile or large low velocity missile, with debridement, prolonged infection, or sloughing of soft parts, and intramuscular scarring. The service department record (or other evidence) would show hospitalization for a prolonged period for treatment of the wound. There would be a consistent complaint of cardinal signs or symptoms of muscle disability as defined in 38 C.F.R. § 4.56(c), and, if present, an inability to keep up with work requirements. 

Objectively, a moderately severe muscle group XIV injury is shown where the entrance and (if present) exit scars would indicate the track of missile through one or more muscle groups. There would be indications on palpation of loss of deep fascia, muscle substance, or normal firm resistance of muscles compared with sound side. Tests of strength and endurance compared with sound side demonstrate positive evidence of impairment. 38 C.F.R. § 4.56(d)(3). 
 
Under 38 C.F.R. § 4.56(c), the cardinal signs and symptoms of muscle disability are loss of power, weakness, lowered threshold of fatigue, fatigue-pain, impairment of coordination and uncertainty of movement, and disabilities resulting from muscle injuries shall be classified as slight, moderate, moderately severe or severe. 38 C.F.R. § 4.56.
 
The service treatment records show that in August 1970, the Veteran suffered an accidental through and through anterior right thigh gunshot wound. X-rays were negative for fracture or retained foreign bodies. The wound was debrided, and he was evacuated to Japan.

In a September 1970 treatment note, there was no indication of significant damage from the gunshot wound injury. An October 1970 examiner noted there was no artery or nerve involvement. In November 1970, the Veteran complained of right thigh pain on prolonged walking as a result of the gunshot wound injury. Overall the Veteran was hospitalized for 13 days as a result of his injury. See October 1970 Clinical Record Cover Sheet.

At the appellant's July 1972 separation examination he reported an achy right thigh during cold weather. Physical examination revealed a full range of thigh motion. The Veteran did not walk with a limp. The diagnosis was old right thigh shrapnel wound.
 
At a November 2009 VA examination, the examiner indicated residuals of the Veteran's gunshot wound were asymptomatic. There was no evidence of intermuscular scarring, muscle herniation, loss of deep fascia or muscle substance, limitation of motion, or residuals of nerve damage, tendon damage, or bone damage. There were separate entry and exit lateral scars to the right thigh that were not painful or tender to touch. At the time of examination, the Veteran was retired due to eligibility by age. There were no significant effects on his ability to work.
 
At the February 2013 hearing, the Veteran indicated his right thigh bothered him when he applied pressure to his foot.
 
The appellant attended another VA examination in January 2015. During this examination, the Veteran reported his residual scars were itchy with sharp sensations around the entry scar. Upon examination, the examiner indicated there were no signs or symptoms attributable to a muscle disability. The entrance and exit scars indicated a short track of missile through the muscle tissue. There were no known fascial defects or evidence of facial defects. Furthermore, there was no effect on his muscle substance or function. Muscle strength testing was normal and there was no evidence of muscle atrophy.
 
Based on this evidence, the Board finds that entitlement to a 30 percent rating is not warranted given that a moderately severe injury to muscle group XIV is not shown. The Veteran does not demonstrate cardinal signs or symptoms of a muscle disability of greater severity than the reflected by the currently assigned evaluation. The evidence reveals no indications of a loss of deep fascia or muscle substance. Furthermore, lower extremity muscle strength testing was normal and there was no reported limitation of motion. Accordingly, the Veteran's symptomatology more closely approximates a moderate injury to muscle group XIV.
 
While the Veteran is competent to report any observed symptoms associated with his right thigh gunshot wound injury, the objective examinations are more probative in determining the actual degree of impairment. Accordingly, the Board assigns a low probative value to his contentions.
 
As a preponderance of the evidence is against the assignment of an increased initial evaluation for the Veteran's residuals of a gunshot wound to the right thigh, the benefit-of-the-doubt rule does not apply, and the claim is denied. 38 C.F.R. § 4.3.
 
Other Considerations
 
Ratings will generally be based on average impairment. See 38 C.F.R. § 3.321(a), (b) (2014). In exceptional cases an extraschedular rating may be provided. Id. The United States Court of Appeals for Veterans Claims has set out a three-part test for determining whether a Veteran is entitled to an extraschedular rating: (1) the established scheduler criteria must be inadequate to describe the severity and symptoms of his disability; (2) the case must present other indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization; and (3) the award of an extra-scheduler disability rating must be in the interest of justice. Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009).
 
Here, the scheduler rating criteria specifically contemplates the extent and severity of the Veteran's residuals of a gunshot wound to the right thigh, which involves muscle impairment.
 
The Veteran does not contend, and the evidence does not demonstrate the scheduler criteria are inadequate to describe the severity and symptoms of his disability. Furthermore, there is no evidence of an exceptional or unusual disability picture, as the Veteran has not alleged a marked interference with employment or frequent periods of hospitalization and such is not shown in the evidence of record. As such, the Board finds the rating criteria contemplate the severity of the Veteran's disability and referral for extraschedular consideration is not warranted.

Further, the Veteran has not specifically argued, and the record does not otherwise reflect, that his disability renders him totally unemployable during the applicable rating period. Accordingly, the Board concludes that a claim for total rating based on unemployability due to service-connected disability has not been raised. Rice v. Shinseki, 22 Vet. App. 447 (2009).
 
 
ORDER
 
Entitlement to an initial disability rating in excess of 10 percent for residuals of a gunshot wound to the right thigh, involving muscle group XIV is denied.
 
 

____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs